IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00052-BNB

TOMMY BERNARD STURGES,

Plaintiff,

v.

GOV. BILL OWNES, State of Colorado,
DIR. JOE ORTIZ, Department of Corrections,
WARDEN CARAL ZENOE, Department of Corrections, Fort Lyon Correctional Facility,
KELLY McRAE, Health Services Administrator, Fort Lyon Correctional Facility, and
MAJOR PHIL DEFELICE,

Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 6 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Tommy Bernard Sturges is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility at Fort Lyon, Colorado. Mr. Sturges has filed **pro se** a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. The court must construe the complaint liberally because Mr. Sturges is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Sturges will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, Mr. Sturges fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violation of his constitutional

rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sturges must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Sturges will be ordered to file an amended complaint to clarify how each Defendant personally participated in the alleged constitutional violation.

Mr. Sturges also must clarify in his amended complaint how he has exhausted administrative remedies for the claim he raises in this action. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of

administrative remedies, Mr. Sturges must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Mr. Sturges alleges in the complaint that he injured his back when he slipped and fell on November 17, 2004. He appears to be asserting one claim for relief alleging that he has been denied adequate medical care for his injured back. Although the grievances attached to the complaint relate to the slip-and-fall incident, those grievances do not address Mr. Sturges' claim that he has been denied medical care for his injured back. Therefore, Mr. Sturges must clarify in his amended complaint how he has exhausted administrative remedies for that claim. Accordingly, it is

ORDERED that Mr. Sturges file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Sturges, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Sturges fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 16, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-00052-BNB

Tommy B. Sturges
Prisoner No. 66923
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/16/06

GREGORY C. LANGHAM, CLERK

By: _____
                  Deputy Clerk